**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PAUL H. SCHWENDENER, INC., *et al.*, | ) | Case No. 07-12145 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: July 16, 2008 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION**

TO:    **Attached Service List**

**PLEASE TAKE NOTICE** that on **July 16, 2008 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Eugene R. Wedoff,** Bankruptcy Judge, in Courtroom 744 of the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Application of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC as Counsel to Schwendener Construction Company, Inc. for Allowance of Chapter 11 Compensation and Reimbursement of Expenses and Related Relief,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings,

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Allen J. Guon (#6244526)
> Shaw Gussis Fishman Glantz
>   Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60610
> (312) 541-0151  telephone
> (312) 980-3888  facsimile

**CERTIFICATE OF SERVICE**

Allen J. Guon certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon all parties indicated on the electronic filing receipt by operation of the Court's electronic filing system and upon the attached service list by electronic mail, on this 20th day of June 2008.

> /s/ Allen J. Guon

{6529 APPL A0209818.DOC}

**MASTER SERVICE LIST**
**PAUL H. SCHWENDENER, INC. ET AL.**
**CLIENT  6170**

| | |
|---|---|
| Michael S. Schwendener<br>President<br>Paul H. Schwendener, Inc.<br>1000 Vandustrial Dr.<br>Westmont, IL  60559-2468<br>Phone:  (630) 515-2444<br>Fax:  (630) 810-1921<br>mssphs@aol.com | Scott B. Greene<br>Daniel A. Zazove<br>Perkins Coie LLP<br>131 S. Dearborn St., Ste. 1700<br>Chicago, IL  60603-5559<br>Phone:  (312) 324-8652<br>Fax:  (312) 324-9652<br>sgreene@perkinscoie.com<br>dzazove@perkinscoie.com |
| Thomas S. Kiriakos<br>Matthew V. Wargin<br>Mayer Brown LLP<br>71 S. Wacker Dr.<br>Chicago, IL  60606-4637<br>Phone:  (312) 701-7275<br>Fax:  (312) 706-8232<br>tkiriakos@mayerbrown.com<br>mwargin@mayerbrown.com | Gregory A. Friedman<br>Friedman & Holtz<br>208 S. LaSalle St., Ste. 760<br>Chicago, IL  60604<br>Phone:  (312) 857-4000 x1<br>Fax:  (312) 857-1880<br>gfriedman@friedmanholtz.com |
| David G. Lynch<br>William Choslovsky<br>DLA Piper Rudnick Gray Cary US LLP<br>203 N. LaSalle St., Ste. 1900<br>Chicago, IL  60601<br>Phone:  (312) 368-4096<br>Fax:  (312) 236-7516<br>david.lynch@dlapiper.com<br>william.choslovsky@dlapiper.com | William J. Serritella Jr.<br>John M. Riccione<br>Aronberg Goldgehn Davis & Garmisa<br>330 N. Wabash Ave., Ste. 3000<br>Chicago, IL  60611<br>Phone:  (312) 828-9600<br>Fax:  (312) 828-9635<br>wserritella@agdglaw.com<br>jriccione@agdglaw.com |
| Daniel J. Hyman<br>Millennium Properties R/E, Inc.<br>Two First National Plaza<br>20 S. Clark St., Ste. 630<br>Chicago, IL  60603<br>Phone:  (312) 338-3000<br>Fax:  (312) 338-3008<br>DHyman@mpirealestate.com | Jack J. Crowe<br>Daniel J. McGuire<br>Stephen C. Schulte<br>Ryanne L. Easley<br>Winston & Strawn LLP<br>35 W. Wacker Dr.<br>Chicago, IL  60601<br>Phone:  (312) 558-5600<br>Fax:  (312 558-5700<br>jcrowe@winston.com<br>dmcguire@winston.com<br>sschulte@winston.com<br>reasley@winston.com |

|  |  |
|---|---|
| M. Gretchen Silver<br>Office of the U.S. Trustee<br>Northern District of Illinois<br>219 S. Dearborn St., 8th Floor<br>Chicago, IL  60604<br>Phone:  (312) 886-3327<br>Fax:  (312) 886-5794<br>Gretchen.Silver@usdoj.gov | John A. Clark<br>Assistant Corporation Counsel<br>City of Chicago, Department of Law<br>30 N. LaSalle St., Ste. 1230<br>Chicago, IL  60602<br>Phone:  (312) 744-5398<br>Fax:  (312) 742-3925<br>john.clark@cityofchicago.org |
| Michael A. Forti, Deputy Corp. Counsel<br>Thomas Forgue, Assistant Corp. Counsel<br>City of Chicago, Department of Law<br>Constitutional & Commercial Lit. Div.<br>30 N. LaSalle St., Ste. 1230<br>Chicago, IL  60602<br>Phone:  (312) 744-9018/2-0307<br>Fax:  (312) 742-3925<br>mforti@cityofchicago.org<br>tforgue@cityofchicago.org | Patrick Mazza *(Counsel to Huen Electric, Inc.)*<br>Patrick Mazza & Associates<br>290 S. Main Place, Ste. 101<br>Carol Stream, IL  60188<br>Phone:  (630) 933-9200<br>Fax:  (630) 933-9824<br>schodera@mcminc.net |
| Patrick T. Wallace<br>Pension and Welfare Fund<br>Office of Fund Counsel<br>53 West Jackson Blvd., Ste. 550<br>Chicago, IL  60605<br>Phone:  (312) 692-1540<br>Fax:  (312) 692-1489<br>wallace.patrick@gmail.com | August A. Pilati *(Counsel to Midwest Bank and Trust Company)*<br>Kenneth A. Fedinets<br>August A. Pilati and Associates, Ltd.<br>53 W. Jackson Blvd., Ste. 528<br>Chicago, IL  60604<br>Phone:  (312) 726-3100<br>Fax:  (312) 939-1742<br>apilati@aapltdlaw.com<br>kfedinets@aapltdlaw.com |
| John S. Mrowiec *(Counsel to Lehman Brothers Holdings, Inc.)*<br>Conway & Mrowiec<br>20 S. Clark St., Ste. 1000<br>Chicago, IL  60603<br>Phone:  (312) 658-1100<br>Fax:  (312) 658-1201<br>jsm@cmcontractors.com | Patrick K. Dahl *(Counsel to Sarowatz Construction, Inc.)*<br>Dahl & Bonadies<br>225 W. Washington St., Ste. 1640<br>Chicago, IL  60606<br>Phone:  (312) 641-3245<br>Fax:  (312) 641-1662<br>pdahl@dahlfirm.com |
| John E. Sebastian *(Counsel to Crum and Forster and Western Surety Company)*<br>William J. Connelly<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle St., Ste. 300<br>Chicago, IL  60601<br>Phone:  (312) 704-3000<br>Fax:  (312) 704-3001<br>wconnelly@hinshawlaw.com<br>jsebastian@hinshawlaw.com | W. Kent Carter *(Counsel to Nuline Electric Co., Inc. and Nuline Technologies, Inc.)*<br>Clark Hill PLC<br>150 N. Michigan Ave., Ste. 2400<br>Chicago, IL  60601-7553<br>Phone:  (312) 985-5906<br>Fax:  (312) 985-5999<br>wcarter@clarkhill.com |

{6529 APPL A0209818.DOC}    3

| | |
|---|---|
| Jason Martin Loebach *(Counsel to Evergreen Supply Company)*<br>Daniel A. Edelstein<br>Chitkowski Law Offices<br>801 Warrenville Rd., Ste. 620<br>Lisle, IL  60532<br>Phone:  (630) 824-4808<br>Fax:  (630) 824-4809<br>jml@chitkowskilaw.com<br>dae@chitkowskilaw.com | Diane M. Baron *(Counsel to American Home Assurance Company)*<br>Clausen Miller, P.C.<br>10 S. LaSalle St.<br>Chicago, IL  60603<br>Phone:  (312) 855-1010<br>Fax:  (312) 606-7777<br>dbaron@clausen.com |
| Christopher R. Parker *(Counsel to The Kroger Co.)*<br>Paul A. Lucey<br>Michael Best & Friedrich LLP<br>180 N. Stetson Ave., Ste. 2000<br>Chicago, IL  60601<br>Phone:  (312) 222-0800<br>Fax:  (312) 222-0818<br>crparker@michaelbest.com<br>palucey@michaelbest.com | Ann M. Edmonds *(Counsel to Gate Precast Company)*<br>The Law Office of Ann Edmonds<br>608 S. Washington, Ste. 207<br>Naperville, IL  60540<br>Phone:  (630) 420-9290<br>Fax:  (630) 357-2642<br>ann@annedmonds.com |
| Elizabeth Z. Mathieson *(Counsel to Tressler, Soderstrom, Maloney & Priess)*<br>Ralph J. Kooy<br>Dean J. Tatooles<br>Tressler, Soderstrom, Maloney & Priess<br>233 S. Wacker Dr., 22nd Floor<br>Chicago, IL  60606<br>Phone:  (312) 627-4000<br>Fax:  (312) 627-1717<br>emathieson@tsmp.com<br>rkooy@tsmp.com<br>dtatooles@tsmp.com | Paula K. Maguire *(Counsel to Friedman & Holtz, P.C.)*<br>Friedman & Holtz, P.C.<br>208 S. LaSalle St., Ste. 760<br>Chicago, IL  60604<br>Phone:  (312) 857-4000<br>Fax:  (312) 857-1880<br>pmaguire@friedmanholtz.com |
| David J. Letvin *(Counsel to Carpets by Kornick, Ltd..)*<br>Letvin & Stein<br>541 N. Fairbanks Ct., Ste. 2121<br>Chicago, IL  60611<br>Phone:  (312) 527-2841<br>Fax:  (312) 527-2818<br>davidletvin@aol.com | Barry Snitman *(Counsel for GaryDarenski)*<br>Nilson, Stookal, Gleason & Caputo, Ltd.<br>205 W. Randolph St., Ste. 440<br>Chicago, IL  60606<br>Phone:  (312) 443-1331<br>Fax:  (312) 443-0746<br>userir4m6991@cs.com |

| | |
|---|---|
| Sal Marino<br>Travelers - National Accounts<br>1 Tower Square, 5MN<br>Hartford, CT  06183-4044<br>Phone:  (860) 277-6701<br>Fax:  (860) 277-2158<br>sjmarino@travelers.com | James E. Morgan<br>Bell, Boyd & Lloyd LLP<br>70 W. Madison St., 3100<br>Chicago, IL  60602<br>Phone:  (312) 781-7234<br>Fax:  (312) 827-8000<br>jmorgan@bellboyd.com |
| Scott C. Frost<br>Statman, Harris & Eyrich, LLC<br>200 W. Madison., Ste. 3820<br>Chicago, IL  60606<br>Phone:  (312) 263-1070<br>Fax:  (312) 263-1201<br>sfrost@chicago.statmanharris.com | Charles Ingrassia<br>Office of Fund Counsel<br>53 W. Jackson Blvd., Ste. 550<br>Chicago, IL  60604<br>Phone:  (312) 692-1540<br>charlesi@chilpwf.com |
| Marc D. Sherman<br>Marc D. Sherman & Associates, P.C.<br>3700 W. Devon Ave., Ste. E<br>Lincolnwood, IL  60712<br>Phone:  (847) 674-8756<br>marc@mshermanlawoffice.com | William S. Piper<br>Riordan, Donnelly, Lipinski & McKee, Ltd.<br>10 N. Dearborn St.<br>Chicago, IL  60602<br>Phone:  (312) 663-9400<br>wpiper@rdlmlaw.com |
| F. Kevin Murnighan<br>Carey, Filter, White & Boland<br>33 W. Jackson, 5th Floor<br>Chicago, IL  60604<br>Phone:  (312) 939-4300<br>Kevin@careyfilter.com | Andrew Weiss<br>Gardiner Koch & Weisberg<br>53 W. Jackson Blvd., Ste. 950<br>Chicago, IL  60604<br>Phone:  (312) 362-0000<br>aweiss@gkw-law.com |
| Justin L. Weisberg<br>Raymond M. Krauze<br>BryceDowney, LLC<br>200 N. LaSalle St., Ste. 2700<br>Chicago, IL  60601<br>Phone:  (312) 377-1501<br>jweisberg@brycedowney.com<br>rkrauze@brycedowney.com | Laurie A. Silvestri<br>Law Offices of Laurie A. Silvestri<br>Three First National Plaza, Ste. 3700<br>Chicago, IL  60602<br>Phone:  (312) 558-4250<br>Fax:  (312) 558-7773<br>lsiljgas@aol.com |
| Richard D. Trainor<br>Richard D. Trainor Ltd.<br>33 N. Dearborn St., Ste. 1700<br>Chicago, IL  60602<br>Phone:  (312) 346-1373<br>Fax:  (312) 346-2708<br>rtrainor@trainorltd.com | Gina B. Krol *(Trustee)*<br>Cohen & Krol<br>105 W. Madison Street, Suite 1100<br>Chicago, IL 60602<br>GKrolAty@aol.com |

{6529 APPL A0209818.DOC}            5

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PAUL H. SCHWENDENER, INC., *et al.*, | ) | Case No. 07-12145 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: July 16, 2008 |
| | ) | Hearing Time: 9:30 a.m. |

**FIRST AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC AS COUNSEL TO SCHWENDENER CONSTRUCTION
COMPANY, INC. FOR ALLOWANCE OF CHAPTER 11 COMPENSATION AND
REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw Gussis") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2002(a)(6), (i), 2016(a) and 9007 and Local Bankruptcy Rule 5082-1 for the allowance of $26,716.50 in compensation for 82.90 hours of professional services rendered as counsel to Schwendener Construction Company, Inc. ("SCC"), for the chapter 11 period beginning July 8, 2007 through and including May 14, 2008 (the "Application Period"), plus an amount not to exceed $1,750 for an estimate of 5.0 hours of professional services to be rendered in connection with the preparation and presentation of this fee application, and the reimbursement of $776.22 for actual costs incurred incident to those services. In addition, Shaw Gussis requests that further notice of the hearing on this application (the "Application") be waived. In support of this Application, Shaw Gussis states as follows:

**JURISDICTION**

1. On July 8, 2007 (the "Petition Date"), SCC, Paul H. Schwendener, Inc. ("PHS") and Harston/Schwendener, a Joint Venture ("HSJV," and together with SCC and PHS, the "Construction Debtors"), State & Kinzie Associates, Inc. ("S&K") and M.P. Associates L.P.

{6529 APPL A0209818.DOC}

("MP Associates") filed related voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[1] At that time, the Construction Debtors were in possession of their assets and managing their assets as debtors in possession within the meaning of 11 U.S.C. § 1101(1).

2. On October 2, 2007, the Office of the United States Trustee ("UST") appointed an official committee of unsecured creditors in PHS's bankruptcy case (the "PHS Committee"), consisting of Mechanical Inc., Prairie House at Central Station, LLC ("Prairie House") and Flo Tech Mechanical Systems, Inc.

3. On May 14, 2008, on the motion of the Northern Trust Company ("Northern") and Midwest Bank & Trust ("Midwest"), the chapter 11 cases of the Construction Debtors were converted to cases under chapter 7 of the Bankruptcy Code. On that date, the UST appointed Gina B. Krol as the interim chapter 7 trustee of the bankruptcy estates of the Construction Debtors, pursuant to 11 U.S.C. § 701(a)(1).

4. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

**RETENTION OF SHAW GUSSIS**

5. Shortly after the Petition Date, the Construction Debtors applied to this Court for an order approving the retention of Shaw Gussis as their general bankruptcy counsel in connection with these jointly-administered chapter 11 cases. (Dkt. # 6). On July 11, 2008, the Court approved the retention of Shaw Gussis as counsel to the Construction Debtors effective as

---

[1] On July 11, 2007, the Court entered an order directing the joint administration of the PHS, SCC, HSJV and MP Associates chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b). On April 1, 2008, the Court terminated joint administration of the S&K and MP Associates chapter 11 cases. At this time, only the Construction Debtors are being jointly administered in the captioned case.

{6529 APPL A0209818.DOC}   2

of the Petition Date, under the terms set forth in the application (the "Retention Order"). (Dkt. # 9).

6. Prior to the Petition Date, on behalf of the Construction Debtors, S&K and MP Associates, Michael S. Schwendener ("MSS") paid Shaw Gussis $150,000 out of a total retainer of $250,000 (the "Retainer") as an advance payment deposit, and not as a security retainer, to render services before the commencement of and in connection with the bankruptcy cases of Construction Debtors, S&K and MP Associates. (Dkt. #6). After the Petition Date, MSS paid Shaw Gussis the $100,000 balance of the Retainer.

7. After application of the Retainer to services rendered and expenses incurred prior to filing the petition, $216,725.50 of the Retainer remained available to apply against Shaw Gussis's postpetition fees and expenses for all 5 debtor cases. Any portion of the Retainer remaining after application to Shaw Gussis's final chapter 11 compensation and expense reimbursement shall be applied to fees and expenses incurred in representing the debtors after conversion to chapter 7.

8. In this Application, Shaw Gussis seeks payment only from the Retainer and not from assets of SCC's estate.

## BACKGROUND

9. PHS was a full service general contracting, construction management and construction consulting firm which had operated in the greater Chicagoland area since 1921, completing more than 1,500 private and public construction contracts. SCC was a contractor which for many years had performed construction work on a variety of projects.

10. PHS and Harston Construction Co., Inc. ("Harston Construction") formed HSJV to perform as general contractor under certain construction contracts with the City of Chicago

related to the Lakefront Millennium Park Project – the Contract B-Garage Structure and the Contract E-METRA Structure. PHS is the managing party and a 49% owner of HSJV and Harston Construction is the 51% owner of HSJV.

11. Prior to the Petition Date, PHS financed its operations with Northern through a credit facility established pursuant to an Amended and Restated Credit Agreement and certain Security and Pledge Agreements (collectively, the "Northern Credit Agreement"). HSJV, SCC, S&K, MSS and certain other entities provided guaranties for the obligations under the Northern Credit Agreement. In order to secure their respective obligations under the Northern Credit Agreement and their guaranties, PHS, HSJV, SCC and certain other entities granted Northern a security interest in substantially all of their assets. As of the Petition Date, the principal balance owed under the Northern Credit Agreement was approximately $10,000,000.

12. In addition to its secured obligations to Northern, as of the Petition Date, PHS also financed its operations with Midwest through a credit facility established pursuant to an Amended and Restated Credit Agreement, as well as other credit agreements, and certain Security and Pledge Agreements (collectively, the "Midwest Credit Agreement"). HSJV, SCC, S&K, MP Associates, MSS and certain other entities provided guaranties for the obligations under the Midwest Credit Agreement. In order to secure their respective obligations under the Midwest Credit Agreement and their guaranties, PHS, HSJV, SCC, MP Associates and certain other entities granted Midwest a security interest in substantially the same assets in which Northern asserts a security interest. As of the Petition Date, the principal balance that the Debtors owed under the Midwest Credit Agreement was approximately $20 million (excluding

contingent amounts owed in connection with certain letter of credit obligations and excluding any direct obligations of MSS).[2]

## SERVICES RENDERED BY SHAW GUSSIS – GENERALLY

13. Throughout the Application Period, Shaw Gussis rendered in excess of 82.90 hours of legal and paraprofessional services to the Debtor having an aggregate value of $26,716.50 for an average hourly rate of approximately $322. Shaw Gussis has provided professional services to SCC with respect to virtually every aspect of its case. All of the services for which compensation is requested were services, which, in Shaw Gussis's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

14. When working on items that were applicable to more than one debtor entity, to the extent possible, Shaw Gussis split the total professional fees incurred in connection with such item to each of the relevant affected debtors (i.e., PHS, SCC, HSJV, S&K and MP Associates). Accordingly, the total time billed to SCC may be significantly less than the total time spent on individual tasks within a particular time entry. This practice resulted in substantial savings to each estate since the relevant entities were able to split the professional fees rather than be individually responsible for the entire amount related to such item.

15. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Gussis's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Gussis has classified its

---

[2] Nothing in this Application shall constitute a finding as to the enforceability or allowability of the alleged claims of Northern or Midwest or the liens asserted thereby in the assets of the Construction Debtors', S&K's or MP Associates' estates, nor shall it constitute a waiver of their right to contest the same.

{6529 APPL A0209818.DOC}   5

services into eight (8) separate categories of services.[3]  The detailed statements for each time category are attached as <u>Exhibit A</u> to this Application.  The following is a general description of the tasks performed in each of Shaw Gussis's categories:

- **Case Administration:** (Fees: $3,012.00 / Hours: 8.20)  Services pertaining to the general administration of SCC's case, including, among other things: (a) participating in status conferences, meetings, telephone conferences, and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon; (b) providing status reports to SCC and the UST concerning various matters in the case; (c) reviewing, revising and filing SCC's monthly operating reports.

- **Cash Collateral/DIP Financing:** (Fees: $9,529.00 / Hours: 19.80)  Services pertaining to the negotiation of secured lenders issues, including, among other things: (a) participating in numerous meetings and telephone conferences, with the Construction Debtors, Northern, Midwest, Perkins, and other interested parties concerning a possible settlement with Northern and Midwest; and (b) negotiating and drafting term sheets for a possible global settlement of Northern's and Midwest's asserted $35 million secured claims.

- **Creditors and Claims:** (Fees: $1,014.00 / Hours: 4.90)  Services pertaining to general creditor issues, including, among other things, (a) communicating with individual creditors and creditor representatives regarding SCC's case; (b) preparing and presenting a motion to set the claims bar dates.

- **Fee Applications:** (Fees: $665.00 / Hours: 1.90)  Services pertaining to reviewing and revising the detailed statement of services rendered by Shaw Gussis.

- **General Investigation:** (Fees: $2,650.50 / Hours: 7.30)  Services pertaining to general investigation, including the investigation of possible claims against Midwest and Northern.

- **Plan of Reorganization:** (Fees: $326.00 / Hours: 1.00)  Services pertaining to plan issues including, preparing and attending two motions to extend plan exclusivity.

- **Postpetition Litigation:**  (Fees: $748.00 / Hours: 1.90)  Services pertaining to postpetition litigation include drafting a complaint against Midwest and Northern for equitable subordination.

- **Statements and Schedules:** (Fees: $8,598.00 / Hours: 37.60)  Services pertaining to statements of financial affairs and schedules, including, among other things, the following: (a) participating in conferences with SCC to discuss the preparation of schedules and statements; (b) drafting, reviewing, revising and filing SCC's schedules of

---

[3] The July 10, 2007, time entry in the "Tax Issues" category should have been included in the Cash Collateral Category.

{6529 APPL A0209818.DOC}               6

assets liabilities and statement of financial affairs and amendments to same; (c) preparing and presenting a motion to extend time to file statements and schedules; and (d) preparing for and attending three SCC 341 meetings.

## SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

16. In summary, the total compensation sought with respect to the eight (8) categories of services set forth above is $26,716.50. In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Steven B. Towbin | Member | $580.00 | 15.60 | $9,048.00 |
| Richard A. Saldinger | Member | $400.00 | 3.60 | $1,440.00 |
| Allen J. Guon | Member | $350.00 | 26.00 | $9,100.00 |
| Mark L. Radtke | Associate | $325.00 | 3.30 | $1,072.50 |
| Vipin R. Gandra | Associate | $230.00 | 1.80 | $414.00 |
| Patricia M. Fredericks | Paralegal | $175.00 | 20.00 | $3,500.00 |
| Melissa A. Herman | Paralegal | $170.00 | 12.60 | $2,142.00 |

17. The hourly rates charged by Shaw Gussis with respect to SCC's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis professionals providing services to SCC in connection with this case. Further, the amount of time spent by Shaw Gussis with respect to the case is reasonable given the difficulty of the issues presented, the time contracts imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the estate.

18. Shaw Gussis has conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of SCC. In certain circumstances, however, it was necessary for

{6529 APPL A0209818.DOC}    7

more than one Shaw Gussis attorney to appear in Court at the same time. This was primarily the case for hearings at which a variety of matters were presented to the Court. In complex matters, each attorney appearing in Court possessed certain in-depth knowledge of discrete parts of matters that required the presence of multiple attorneys at those hearings. Without the presence of the additional attorneys, would not have been able to adequately present those motions or fully respond to objections or questions raised at the hearings. Similarly, on certain occasions, Shaw Gussis had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the case. To the greatest extend possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

19. The issues presented by the case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

## THE EXPENSES REQUESTED

20. The actual and necessary costs expended by Shaw Gussis during the Application Period are also detailed in Exhibit A. The requested reimbursement amount for expenses incurred is $776.22. All of the expenses for which reimbursement is sought are expenses that Shaw Gussis customarily recoups from all of its clients.

21. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| CT Corp (lien searches) | $291.80 |
| Telephone Conference Services | $33.21 |
| Copying Services | $44.55 |
| Filing Fees | $26.00 |
| Commercial Messenger Delivery (e.g., Metro) | $5.80 |
| Overnight delivery (e.g., FedEx) | $78.11 |
| Pacer | $29.87 |
| In City Transportation | $14.00 |
| In-house Photocopy | $104.06 |
| Postage | $148.82 |
| **TOTAL:** | **$776.22** |

22. Legal Research Charges (Westlaw / PACER): Shaw Gussis utilized Westlaw whenever it was determined that using Westlaw was more cost effective than using traditional or non-computer-assisted legal research. Shaw Gussis contracted with Westlaw for a research package that includes pre-paid access to certain bankruptcy resources, plus an hourly rate for all other usage. Westlaw charges reflect the actual out-of-pocket expense incurred by Shaw Gussis or, where the research falls within the pre-paid bankruptcy research package, actual usage billed at a rate of $2.00 per minute. Shaw Gussis submits that the Westlaw package provides the most cost-efficient means of access computerized legal research, and the lowest cost possible to the client. Shaw Gussis makes no profit on Westlaw or other legal research expenses.

23. Photocopy: Photocopy charges include internal and outsourced copies. Generally, Shaw Gussis makes all copies internally. All internal copies are billed at a rate of $0.10 per page. Shaw Gussis maintains a record of copy charges all copier charges made for

{6529 APPL A0209818.DOC}                             9

every file.  Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Gussis charges the actual costs for expenses incurred.  Outsourced copying services may include binding or color copying.

24. <u>Postage / Messenger Delivery / Overnight Delivery</u>:  In order to keep overnight delivery carrier charges to a minimum, service of most pleadings was accomplished by regular first class mail or e-mail.  Shaw Gussis utilized a reputable common carrier, such as Federal Express or UPS, or local messenger service where expedited delivery was necessary to ensure timely delivery of sensitive information.

25. <u>Telephone Conference Services</u>:  Shaw Gussis utilized a competitively priced telephone conferencing service for its conference calls among SCC, its advisors, co-counsel, and/or representatives of the creditors.  Where possible, SCC also utilized the telephone conferencing service for meetings and settlement negotiations with opposing counsel.

26. All expenses incurred by Shaw Gussis were ordinary and necessary expenses.  All expenses billed to SCC were billed in the same manner as Shaw Gussis bills non-bankruptcy clients.  Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

## COMPLIANCE WITH 11 U.S.C. § 504

27. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Gussis.

## NOTICE

28. Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the secured lenders; (c) counsel to the PHS Committee; (d) the Trustee

and (e) parties requesting notice in the jointly-administered cases. In light of the nature of the relief requested and the costs and burdens of transmitting notice to all of SCC's creditors, Shaw Gussis respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Fed. R. Bankr. P. 2002(i) and 9007.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto, that:

(a) Allows Shaw Gussis $26,716.50 in final chapter 11 compensation for the Application Period, plus an amount not to exceed $1,750 for an estimate of 5.0 hours of professional services to be rendered in connection with the preparation, filing and presenting of this Application;

(b) Allows Shaw Gussis $776.22 in final chapter 11 expense reimbursement for the Application Period;

(c) Authorizes Shaw Gussis to apply the Retainer to the final compensation and expense award;

(d) Waives other and further notice of the hearing with respect to this Application; and

  (e) Provides such additional relief as may be just and equitable under the circumstances.

                Respectfully submitted,

                Shaw Gussis Fishman Glantz
                 Wolfson & Towbin LLC

Dated: June 20, 2008      By: */s/Allen J. Guon*
                 For the Firm

Steven B. Towbin (#2848546)
Allen J. Guon (#6244526)
Shaw Gussis Fishman Glantz
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

{6529 APPL A0209818.DOC}     12